UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicholas T. Stroeder, | Civ. No. 10-4115 (PAM/JJK) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Greg Smith, and Scott Yozamp, | |
| Defendants. | |

Nicholas T. Stroeder, 219911, MCF-Oak Park Heights, 5329 Osgood Avenue North, Mental Health Unit, Stillwater, MN 55082, *pro se*.

Margaret E. Jacot, Esq., Minnesota Attorney General's Office, counsel for Defendants.

JEFFERY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss or For a More Definite Statement. (Doc. No. 22.)  The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, this Court recommends that the motion to dismiss be denied without prejudice, and the motion for a more definite statement be granted.

## BACKGROUND

Plaintiff is an inmate at the Minnesota Correctional Facility in Rush City, Minnesota ("MCF-RC").  He commenced this action by filing a complaint seeking

relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights.

In his Second Amended Complaint,[1] Plaintiff is attempting to sue (1) Joan Fabian, the former Commissioner of the Minnesota Department of Corrections, (2) Bruce Riser, the Warden at MCF-RC, (3) Greg Smith, the Associate Warden at MCF-RC, and (4) Scott Yozamp, the Program Director at MCF-RC. (Doc. No. 17, "Second Am. Compl.") The claims against Defendants Fabian and Riser were dismissed after an initial screening pursuant to 28 U.S.C. § 1915A. (*See* Doc. No. 18, 4/27/11 Report and Recommendation; Doc. No. 20, 5/16/11 Order.)

Plaintiff alleges that during the course of his confinement at MCF-RC, other inmates have threatened to harm him. He alleges that he gave Defendant Smith the "names of people who had put out 'Hits' for me Dead or alive." (Second Am. Compl. at 7 of 9.) He also claims that Defendant Yozamp knew that Plaintiff had been physically assaulted in February 2010, and that Plaintiff was "being extorted while working in industry during October 2009 to April 2010 by a gang call[ed] latin kings." (*Id.*) Plaintiff claims that despite Defendants' knowledge of the danger, they refused his requests to "be placed on administrative segregation." (*Id.*) Giving the Second Amended Complaint the

---

[1] Plaintiff amended his complaint once "as a matter of course" pursuant to Fed. R. Civ. P. 15(a). (*See* Doc. No. 13, Am. Compl.) The Court granted Plaintiff leave to amend his complaint a second time to correct factual deficiencies in the Amended Complaint. (Doc. No. 16, 3/28/11 Order.)

benefit of a very generous construction, it appears that Plaintiff is claiming that Defendants Smith and Yozamp violated his constitutional rights, because they knew that other inmates were threatening to harm him, and they did not take adequate precautions to protect him and keep him safe.

Although Plaintiff has not alleged that he has suffered any injuries, he is seeking a judgment against Defendants in the amount of $50,000.00, plus punitive damages.

## DISCUSSION[2]

### I.   Standard of Review

Rule 12(e) of the Federal Rules of Civil Procedure provides that "a party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare the response." Fed. R. Civ. P. 12(e).  However, the complainant need only make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Thus, a motion for a more definite statement should be granted when a major omission or ambiguity in the complaint renders it unanswerable.  *See Lyon Fin. Servs., Inc. v. MBS Mgmt. Servs., Inc.*, No. 06-4562 (PJS/JJG), 2007 WL

---

[2]   As noted above, Defendants moved in the alternative to dismiss Plaintiff's Complaint or for a more definite statement of the claims against them.   This Court concludes that dismissal of Plaintiff's Complaint is premature, and that the interests of justice will be better served if this *pro se* Plaintiff is allowed to supplement his Complaint with a more definite statement of his claims against Defendants.   Accordingly, Defendants' Motion to Dismiss is denied without prejudice.

2893612, at *9 (D. Minn. Sept. 27, 2007) ("When examining whether a more definite statement is required under Rule 12(e), the only question is whether it is possible to frame a response to the pleading."); *see Tinder v. Lewis County Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (same).

## II.    Analysis

Defendants contend that Plaintiff's claim is barred by the Eleventh Amendment because they were sued in their official capacity.  (Doc. No. 23, Defs.' Mem. in Supp. of Mot. to Dismiss or for a More Definite Statement ("Defs.' Mem.") at 3–5.)  Lawsuits against state officials in their official capacities are not suits against such officials, but rather suits against the officials' offices—thus they are no different than a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  "A suit by a private party seeking to recover damages to be paid by the state is barred by the Eleventh Amendment absent the state's consent to the suit."  *Holly v. Anderson*, No. 04-CV-1489 (JRT/FLN), 2008 WL 1773093, at *4 (D. Minn. Apr. 15, 2008) (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)).

Here, the Second Amended Complaint does not expressly state whether Defendants are being sued in their individual or official capacities.  Nonetheless, the substance of Plaintiff's Complaint suggests that Plaintiff is attempting to sue Defendants in their individual capacities.   For example, Plaintiff's request for monetary and for punitive damages can be so construed.  *See Kirk v. Erickson*, 989 F.2d 505 (Table) (8th Cir. 1993) (citing *Shabazz v. Coughlin*, 852 F.2d 697,

700 (2d Cir. 1988) (demand for punitive damages shows that the suit is against officer in his individual capacity) and *Gregory v. Chehi*, 843 F.2d 111, 119–20 (3d Cir. 1988) (same)).

But the Eighth Circuit applies a strict pleading standard for suits against public officials in their individual capacity. *See Murphy v. State of Arkansas*, 127 F.3d 750, 754–55 (8th Cir. 1997); *Egerdahl v. Hibbing Cmty Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). This strict pleading standard has been applied to *pro se* plaintiffs. *Bailey v. Couty of Kittson,* No. 07-CV-1939 (ADM/RLE), 2008 WL 906349, at *5 (D. Minn. March 31, 2008). Thus, although Defendants might have actual notice that they are being sued in their individual capacity, that does not cure the deficiency in Plaintiff's Complaint. *See McKenzie v. Frokjer,* No. 07-CV-3413 (MJD/SRN), 2009 WL 1392635, at *1 (D. Minn. May 15, 2009) (citing *Murphy*, 127 F.3d at 755) (declining to adopt a report and recommendation that excused the plaintiff's failure to clearly assert personal capacity claims, finding that a *pro se* plaintiff must specifically plead what capacity the defendant is being sued in, and granting leave to amend). Nonetheless, dismissal is generally not the proper remedy when the complaint's only deficiency is that it lacks a single term of art. Based on the liberal pleading standard for *pro se* plaintiffs, and the fact that the Defendants have moved for a more definite statement, this Court concludes that giving the Plaintiff an opportunity to more clearly state whether he is suing Defendants in their individual and/or official capacities.

Defendants also argue that, under 42 U.S.C. § 1983, Plaintiff "must identify an independent source of federal rights." (Defs.' Mem. at 6.) Defendants are correct that Section 1983 is not a source of substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any such claim is to identify the specific constitutional right allegedly infringed."). Accordingly, this Court recommends that Plaintiff be directed to specifically identify the legal theory or substantive right that gives rise to his 42 U.S.C. § 1983 claim.

## RECOMMENDATON

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Doc. No. 22), be **DENIED** without prejudice;

2. Defendants' Motion for a More Definite Statement (Doc. No. 22), be **GRANTED**; and

3. Plaintiff be directed to file an Amended Complaint that is consistent with this Report and Recommendation, and complies with the Court's other guidance on basic pleading requirements. (*See* Doc. Nos. 13, 16).

Date:  December 1, 2011

                                                   *s/ Jeffrey J. Keyes*
                                                   JEFFREY J. KEYES
                                                   United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by

**December 15, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.