# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicholas T. Stroeder,<br><br>      Plaintiff,<br>v.<br><br>Greg Smith, Scott Yozamp, Sandra O'Hara, and John C. Pentland,<br><br>      Defendants. | Civ. No. 10-4115 (PAM/JJK)<br><br>**REPORT AND RECOMMENDATION** |

Nicholas T. Stroeder, 219911, MCF-Rush City, 7600 525th Street, Rush City, MN, 55069, *pro se*.

Margaret E. Jacot, Esq., Minnesota Attorney General's Office, counsel for Defendants Smith and Yozamp.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on the Motion to Dismiss and for Summary Judgment of Defendants Smith and Yozamp (Doc. No. 41). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, this Court recommends that Defendants' motion be granted and the case be dismissed in its entirety.

## BACKGROUND

Plaintiff, an inmate at the Minnesota Correctional Facility in Rush City, Minnesota ("MCF-RC") commenced this action in October 2010 by filing a Complaint seeking relief under 42 U.S.C. § 1983. (Doc. No. 1, Compl.) He

1

alleged that he did not feel safe in the general population and that he had been assaulted twice by other inmates. (Compl. 3–4.) He also stated that he had requested many times to be placed in administrative segregation, that his requests had been refused, and that he felt compelled to violate disciplinary rules in order to be placed in segregation and to remain there. (*Id.*) The relief Plaintiff requested was to be placed in administrative segregation. (*Id.* at 4.) He also sought compensatory and punitive damages. (*Id.*)[1]

In November 2010, Plaintiff moved twice for leave to amend the Complaint, seeking to add twenty-nine additional defendants and to supplement the Complaint with additional information. (Doc. No. 6, Pl.'s Mot. for Leave to File an Amended Compl. 2; Doc. No. 10, Pl.'s Second Mot. for Leave to File an Amended Compl. 2.) This Court denied both motions for failure to comply with Local Rule 15.1,[2] but did so without prejudice to Plaintiff's right to amend his complaint "'once as a matter of course' pursuant to Fed. R. Civ. P. 15(a)." (Doc.

---

[1] In addition to the Defendants above-named, the Complaint included former Commissioner of Corrections Joan Fabian and MCF-RC Warden Bruce Reiser. (Compl. 1.) Stroeder's claims against Fabian and Reiser were later dismissed. (Doc. No. 20, Order dated May 16, 2011 at 2.)

[2] Local Rule 15.1 requires a party filing a motion to amend a pleading to attach to the motion a copy of the proposed amended pleading along with a redline copy that highlights the differences between the existing and proposed versions. This Court's order denying both motions provided specific guidance regarding the rules and requirements for filing an amended complaint (Doc. No. 13, Order dated Jan. 24, 2011 at 2–3), and waived the redline requirement. (*Id.* at 2, n.2.)

No. 13, Order dated Jan. 24, 2011 at 4.)

In February 2011, Plaintiff filed an Amended Complaint. (Doc. No. 14, Am. Compl.)[3] On screening the Amended Complaint pursuant to 28 U.S.C. § 1915A, this Court found that it did not clearly state the nature of the claim, but liberally construed it as alleging that Defendants had violated Plaintiff's Eighth Amendment right to protection from cruel and unusual punishment by failing to take adequate precautions to protect Plaintiff from being assaulted by other inmates. (Doc. No. 16, Order dated Mar. 28, 2011 at 1.) This Court also found that the Amended Complaint could not survive the screening process because it failed to allege facts sufficient to support an Eighth Amendment claim (*id.*), and ordered that Plaintiff be permitted to file another new complaint. (*Id.* at 5.) The order discussed the deficiencies to be corrected in order for the new pleading to survive initial screening. (*Id.* at 2–5.)

In his Second Amended Complaint, filed in April 2011, Plaintiff alleged that other inmates had threatened to harm him, and that he gave Defendant Smith the "names of people who had put out 'Hits' for me Dead or alive." (Doc. No. 17, Sec. Am. Compl. 7.) He also alleged that Defendant Yozamp knew that Plaintiff had been physically assaulted in February 2010, and that Plaintiff was "being extorted while working in industry during October 2009 to April 2010 by a gang

---

[3] The Amended Complaint added a second plaintiff, Billy M. Peterson. (Am. Compl. 1.) Peterson and his claims were later dismissed without prejudice. (Doc. No. 20, Order dated May 16, 2011 at 1.)

3

call[ed] latin kings." (*Id.*) Plaintiff also restated the grievance expressed in earlier pleadings – that Defendants refused his requests to "be placed on administrative segregation." (*Id.*) On initial screening, this Court opined that the Second Amended Complaint still did not clearly state the nature of the claim, and again construed it as a claim that Defendants Smith and Yozamp violated Plaintiff's constitutional rights by failing to take adequate precautions to protect him. (Doc. No. 18, Report & Recommendation dated April 27, 2011 at 3.)

Defendant responded to the Second Amended Complaint by filing a Motion to Dismiss or for a More Definite Statement. (Doc. No. 22.) This Court recommended that the Motion to Dismiss be denied, that the Motion for a More Definite Statement be granted, and that the Plaintiff be directed to file another Amended Complaint consistent with the guidance previously given. (Doc. No. 30, Report & Recommendation dated Dec. 1, 2011 at 6.) While that recommendation was pending before United States District Court Judge Paul Magnuson, Plaintiff filed a (Third) Amended Complaint.[4] (Doc. No. 31, Third. Am. Compl.) Judge Magnuson then adopted this Court's Report & Recommendation and deemed the (Third) Amended Complaint to be the more definite statement recommended therein. (Doc. No. 33, Order dated Jan. 1,

---

[4] Plaintiff titled this document "Amended Complaint." (Doc. No. 31, Third Am. Compl. 1.) For clarity, it is referred to herein as the "(Third) Amended Complaint" and cited as "Third Am. Compl."

4

2012 at 2.)

In his (Third) Amended Complaint, Plaintiff added two MCF-RC personnel as new Defendants: Associate Warden Sandra O'Hara, and Officer John Pentland.[5] (Third Am. Compl. ¶¶ 6–7.) He also stated that "each defendant is sued individually and in His or Her official capacity." (*Id.* ¶ 8.) He restated allegations that had been included in previous complaints, including that he had been assaulted, that he had been the victim of extortion, that other inmates had put "hits" on him, that he had intentionally violated disciplinary rules in order to be placed in segregation for fear of his own safety, and that Defendants, though aware of these circumstances, had refused to place Plaintiff in administrative segregation despite his repeated requests. (*Id.* ¶¶ 14–17.) Plaintiff also clarified the nature of his claim, stating that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to place him in administrative segregation. (*Id.* ¶ 19.) Plaintiff, however, did not renew his previous request to be placed in administrative segregation. Instead, he asked the Court to declare that Defendants' acts and omissions violated his rights, and to award $50,000 in compensatory damages, $150,000 in punitive damages, and his costs in bringing the suit. (*Id.* ¶¶ 21–23, 25.)

In response to the (Third) Amended Complaint, Defendants Smith and

---

[5] Plaintiff identifies Pentland as an "officer." (Third Am. Compl. 2.) Pentland identifies himself as a "Corrections Lieutenant." (Doc. No. 44, Affidavit of John C. Pentland ("Pentland Aff.") 1.)

5

Yozamp filed their Answer in February 2012. (Doc. No. 36, Answer.) Counsel for Defendants Smith and Yozamp noted in that Answer that Defendants O'Hara and Pentland had not been served with the Amended Complaint and had not made an appearance in the case. (*Id.* at 1, n.1.) In July 2012, Defendants Smith and Yozamp filed the Motion to Dismiss and for Summary Judgment that is now pending before the Court. (Doc. No. 41.) United States Magistrate Judge Arthur J. Boylan then ordered that any response from Plaintiff be filed "on or before Tuesday, August 21, 2012." (Doc. No. 48, Order dated July 25, 2012 at 1.) As of the date of this Report and Recommendation, Plaintiff has not responded to Defendants Smith and Yozamp's motion.

## DISCUSSION

### I. Standard of Review

The instant motion consists of both a motion to dismiss and a motion for summary judgment. (Doc. No. 41, Def.'s Mot. to Dismiss & for Summ. J. ("Def. Mot.") 1.) Under Rules 12(h)(2) and 12(c) of the Federal Rules of Civil Procedure, once the pleadings have closed, a motion for judgment on the pleadings may be brought asserting failure to state a claim upon which relief can be granted. In deciding such a motion, this Court applies the same standard as for motions to dismiss brought under Rule 12(b)(6). *Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Under that standard, this Court must accept as true all factual allegations in the Complaint and view them in the light

6

most favorable to the Plaintiff.  *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id.* at 555.  This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Id.* at 545.  Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  *Neitzke v. Williams*, 409 U.S. 319, 326 (1989).

Turning to the standard for summary judgment, this Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is not precluded by disputes over facts that could not, under the governing law, affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment bears the burden of identifying the portions of the pleadings, answers to interrogatories, and affidavits that demonstrate that there are no genuine issues of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

This Court notes that although Plaintiff has not responded to Defendants'

motion, summary judgment is not automatically entered by default. The Federal Rules of Civil Procedure provide that if "the adverse party does not respond, summary judgment, *if appropriate,* shall be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). Thus, even when a motion for summary judgment is unopposed, summary judgment may only be entered when "appropriate." *Id.*; *see Ballato v. Comcast Corp.*, No. 09-2236 (JRT/JJG), 2011 WL 2728265, at *7 (D. Minn. July 13, 2011). However, it is the responsibility of the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. This Court is not required to scour the record to determine whether there are issues of fact that preclude summary judgment. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) (stating that where summary judgment was unopposed, "[i]t was not the District Court's responsibility to sift through the record to see if, perhaps, there was an issue of fact.").

This Court also notes that when considering a motion to dismiss or for summary judgment, pleadings submitted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even a *pro se* litigant's complaint must allege facts, and not just bare, unsupported, legal conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions."). The claims of a plaintiff, even a *pro se* plaintiff, cannot survive a

8

motion for summary judgment unless the plaintiff has set forth specific facts demonstrating that there is a genuine issue for trial. *See Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987) ("Although Quam is entitled to the benefit of a liberal construction of his pleadings because of his pro se status, Federal Rule of Civil Procedure 56 remains applicable to Quam's lawsuit.").

## II. Analysis

Defendants Smith and Yozamp argue that Plaintiff's official capacity claims are barred by the Eleventh Amendment, and that they are entitled to judgment on Plaintiff's individual capacity claims. (Doc. No. 42, Def.'s Mem. in Supp. of Mot. to Dismiss & for Summ. J. ("Def. Mem.") 10, 12–18.) The (Third) Amended Complaint, when construed liberally, arguably states sufficient facts to support a claim for violation of Plaintiff's Eighth Amendment rights. But this Court need not decide that issue because it agrees with Defendants' arguments, and finds them dispositive.

### A. Official Capacity Claims

Plaintiff's (Third) Amended Complaint states that "each defendant is sued individually and in His or Her official capacity." (Third Am. Compl. ¶ 8.) Defendants Smith and Yozamp argue that the official capacity claims are barred by the Eleventh Amendment. (Def. Mem. 10.) This Court agrees.

Lawsuits against state officials in their official capacities are not suits against the officials, but rather suits against their offices, and therefore no different than suits against the state itself. *Will v. Mich. Dep't of State Police*, 491

9

U.S. 58, 71 (1989).  A state may not be sued in federal court without either congressional authorization or the consent of the state.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985);  *Holly v. Anderson*, No. 04-CV-1489 (JRT/FLN), 2008 WL 1773093, at *4 (D. Minn. Apr. 15, 2008) ("A suit by a private party seeking to recover damages to be paid by the state is barred by the Eleventh Amendment absent the state's consent to the suit." (citing *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974))).  There is no evidence in the record that the State of Minnesota has consented to this suit, or that Congress has authorized it.  This Court therefore recommends dismissal of Plaintiff's claims to the extent that they are brought against Defendants (including Defendants O'Hara and Pentland) in their official capacities.[6]

### B. Individual Capacity Claims

To prevail on his Eighth Amendment claim, Plaintiff must show that the conditions under which he is incarcerated pose a "substantial risk of serious harm," and that Defendants acted with deliberate indifference toward his health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Such a showing would demonstrate that Defendants had failed to discharge their Eighth Amendment duty, which is to take reasonable measures to protect prisoners from violence

---

[6]  Defendants have also argued that 42 U.S.C. § 1983 does not support Plaintiff's claims because public officials acting in their official capacities are not subject to suit under that section.  (Def. Mem. at 10–11.)  This Court agrees, but does not address this argument in detail because the official capacity claims are, as noted above, barred by the Eleventh Amendment.

perpetrated by other prisoners.  *Farmer*, 511 U.S. at 833.  The "deliberate indifference" standard requires a plaintiff to show that a defendant was aware of "an excessive risk to inmate health or safety" and disregarded that risk.  *Id.* at 837.  Negligence is not enough.  *Norman v. Schuetzle*, 585 F.3d 1097, 1104 (8th Cir. 2009).  An inmate's generalized expression of fear for his safety, without concrete evidence of a particular danger, is not enough to give prison officials knowledge of a substantial safety risk.  *See Robinson v. Cavanaugh*, 20 F.3d 892, 865 (8th Cir. 1994) ("The district court properly granted summary judgment to defendants because Robinson failed to demonstrate indifference by not placing him in protective custody based on his general fear for his safety.").

In his original communications, made during the summer of 2010, Plaintiff expressed a generalized concern for his safety and made reference to two previous incidents in which he had been assaulted by other inmates, but did not provide evidence of specific threats.  (Doc. No. 43, Affidavit of Gregory Smith ("Smith Aff.") ¶ 11, Ex. E.; Doc. No. 45, Affidavit of Scott Yozamp ("Yozamp Aff.") ¶ 3, Ex. A.)  Such a generalized concern is not sufficient to establish a substantial safety risk.  *See Robinson*, 20 F.3d at 865.  In September 2010, Plaintiff provided the names of inmates he considered threats.  (Smith Aff. ¶ 13, Ex. G.)  By that time, however, he had been placed in disciplinary segregation due to multiple disciplinary violations.  (*Id.* ¶ 14.)  None of the inmates Plaintiff identified as threats were in the segregation unit at the time, and Plaintiff was on "recreate alone" status.  (*Id.*)  He had been on recreate alone status since July

11

2010. (Pentland Aff. ¶ 6.) Plaintiff completed his disciplinary segregation sentences in March 2012. (Smith Aff. ¶ 16.) He was then moved to the Supportive Living Services Unit, in a single cell without a roommate. (*Id.*) The individuals he identified as threats were not housed in that unit. (*Id.*)

These unrebutted facts, when viewed in the light most favorable to Plaintiff, show that he was not exposed to a substantial risk of serious harm, that Defendants did not demonstrate deliberate indifference to Plaintiff's safety, and that Defendants did take reasonable steps to keep Plaintiff safe. This Court therefore agrees with Defendants that Plaintiff's individual capacity claims (including those asserted against Defendants O'Hara and Pentland) must fail.[7]

## RECOMMENDATON

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Motion to Dismiss and for Summary Judgment of Defendants Smith and Yozamp (Doc. No. 41), be **GRANTED**; and

2. This case be **DISMISSED** in its entirety.

Date: January 3, 2013  *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

---

[7] Defendants have also argued that because their decisions and actions in response to Plaintiff's concerns were discretionary, they are entitled to qualified immunity. (Def. Mem. 18–19.) This Court agrees, but does not address that argument in depth because it finds the foregoing analysis dispositive.

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 17, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.